## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARWIN V. CHRISTIAN,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Petitioner,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀1:15CV253
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
OLIVER WASHINGTON,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Respondent.⠀⠀)

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket Entry 1),[1] which he later purported to amend (Docket Entry 8; see also Docket Entry 9 ("Memorandum of Law in Support of Amended Petition for Writ of Habeas Corpus")). For the reasons that follow, this Court should deny habeas relief.

### I.  BACKGROUND

A jury in the Superior Court of Guilford County found Petitioner guilty of attempted larceny from a merchant and simple assault in cases 11CRS091498 and 11CRS091499, whereupon he pleaded guilty to habitual felon status in case 12CRS024062 and received a consolidated prison sentence of 117 to 150 months.  (Docket Entry 1, ¶¶ 1-6; see also Docket Entry 5-4 at 23 (Verdict), 24-27 (Plea

---

[1] Along with the standard form, the Petition includes documents from Petitioner's underlying state case.  (See Docket Entry 1.)  Respondent also attached various documents from that state case to his summary judgment brief.  (See, e.g., Docket Entries 5-4, 5-7 - 5-14, 5-16, 5-18.)  Petitioner's summary judgment response does not contest the authenticity of any of the documents tendered by Respondent.  (See Docket Entry 7.)  Pin cites to the court documents incorporated into the Petition and submitted with Respondent's summary judgment brief refer to the page number that appears in the footer appended to such documents upon their docketing in the Court's CM/ECF system.

Tr.), 31-32 (Judgment).) Petitioner lost his direct appeal. <u>State v. Christian</u>, No. COA13-162, 229 N.C. App. 491 (table), 750 S.E.2d 918 (table), 2013 WL 4716367 (N.C. Ct. App. Sept. 3, 2013) (unpublished), <u>review denied</u>, 367 N.C. 263, 749 S.E.2d 852 (2013).[2]

On April 4, 2014, the Superior Court stamped-filed Petitioner's Motion for Appropriate Relief ("MAR") (<u>see</u> Docket Entry 5-7 at 2), which Petitioner signed on April 1, 2014 (<u>see id.</u> at 18; <u>see also</u> Docket Entry 1 at 32 (Letter dated Apr. 7, 2014, from Guilford County Superior Court Clerk to Petitioner, "acknowledg[ing] receipt of [his MAR]").) By order dated and stamped-filed May 2, 2014, the Superior Court denied relief, pursuant to N.C. Gen. Stat. § 15A-1419(a)(3), because Petitioner "could have raised his [MAR] claims in his appeal." (Docket Entry 5-8 at 2.) On May 22, 2014, the Superior Court stamped-filed Petitioner's "Supplemental [MAR]" (<u>see</u> Docket Entry 5-9 at 2), which he (reportedly) signed and mailed on April 1, 2014 (<u>see id.</u> at 12, 24). By order dated May 28, 2014, and stamped-filed June 2, 2014, the Superior Court denied relief, pursuant to N.C. Gen. Stat. § 15A-1419(a)(3), because Petitioner "could have raised his [MAR] claims in his appeal." (Docket Entry 5-10 at 2.) On June 5, 2014, the Superior Court stamped-filed another MAR (<u>see</u> Docket Entry 5-11

---

[2] The Petition omits any allegation as to whether, on direct appeal, Petitioner sought certiorari review by the United States Supreme Court (<u>see</u> Docket Entry 1, ¶ 9(h)), but the Amended Petition concedes that he did not (Docket Entry 8, ¶ 9(h)). Independent research also has revealed no such filing. In addition, the Petition mistakenly lists Petitioner's efforts to obtain appellate review of the Superior Court's denial of collateral relief as his direct appeal. (<u>Compare</u> Docket Entry 1, ¶¶ 8, 9, <u>with id.</u>, ¶¶ 10, 11.) The Amended Petition corrects that mistake. (<u>See</u> Docket Entry 8, ¶¶ 8, 9.)

-2-

at 2), as well as a Motion for Preparation of Stenographic Transcript (see id. at 15), both of which Petitioner (reportedly) signed on May 29, 2014 (see id. at 12, 16). By orders dated and stamped-filed on June 11, 2014, the Superior Court denied those motions. (Docket Entry 5-12 at 2-4; see also id. at 2 ("The issues raised by [Petitioner] in this MAR have either previously been made in the earlier MAR or in his appeal, or could have been made in such earlier MAR or appeal.").)[3]

On July 16, 2014, Petitioner filed a certiorari petition with the North Carolina Supreme Court (apparently seeking review of the Superior Court's denial of collateral relief), which the North Carolina Supreme Court dismissed by order issued August 19, 2014. State v. Christian, 367 N.C. 531, 762 S.E.2d 455 (2014).[4] On October 13, 2014, the North Carolina Court of Appeals stamped-filed a certiorari petition (see Docket Entry 5-14 at 2), which Petitioner signed on October 8, 2014 (see id. at 13).[5] By order dated October 20, 2014, the North Carolina Court of Appeals denied that certiorari petition. (Docket Entry 1 at 16; Docket Entry 5-16

---

[3] The Petition appears to reference only the last of the above-cited MARs (as to which it correctly ascribes a denial date of June 11, 2014, but variously (and, save one instance, incorrectly) attributes filing dates of June 5, May 2, May 20, May 20, and May 20, 2014, respectively). (See Docket Entry 1, ¶¶ 11(a), 12(Ground One)(d)(2), (Ground Two)(d)(2), (Ground Three)(d)(2), & (Ground Four)(d)(2).) The Amended Petition's account of the filing and denial dates associated with Petitioner's MARs, however, matches the dates noted above in the body. (See Docket Entry 8, ¶¶ 11(a)-(c), 12(Ground One)(d)(2), (Ground Two)(d)(2), (Ground Three)(d)(2), & (Ground Four)(d)(2).)

[4] The Petition includes a copy of that order. (See Docket Entry 1 at 31.)

[5] At one point, the Petition mistakenly gives October 21, 2014, as the filing date of that certiorari petition (see Docket Entry 1, ¶ 11(b)(3)), but elsewhere properly cites a filing date of October 13, 2014 (see id., ¶ 12(Ground One)(d)(6), (Ground Two)(d)(6), (Ground Three)(d)(6), & (Ground Four)(d)(6)).

-3-

at 2.)[6]  On November 5, 2014, the North Carolina Supreme Court stamped-filed a discretionary review petition (see Docket Entry 1 at 18), which Petitioner signed on October 28, 2014 (see Docket Entry 1 at 29).[7]  By order issued December 18, 2014 (reduced to writing by the North Carolina Supreme Court Clerk on December 22, 2014)), the North Carolina Supreme Court denied that discretionary review petition.  (See id. at 17; Docket Entry 5-17 at 2.)[8]

Petitioner then commenced this action by filing his Petition, which he signed on March 19, 2015, and which the Court docketed on March 24, 2015.  (Docket Entry 1.)  On April 23, 2015, Respondent answered (Docket Entry 3) and moved for summary judgment (Docket Entry 4; see also Docket Entry 5 (Respondent's summary judgment brief)).  Petitioner responded in opposition to that summary judgment motion.  (Docket Entry 7.)  Thereafter, on December 14, 2015, the Court docketed an Amended Petition (Docket Entry 8) and Memorandum of Law in Support of Amended Petition for Writ of Habeas Corpus (Docket Entry 9), both of which Petitioner verified and reported mailing on December 7, 2015 (see id. at 10, 11).

---

[6] In all but one place, the Petition correctly identifies October 20, 2014, as the date of that denial.  (See Docket Entry 1, ¶¶ 11(b)(1)-(4), 12(Ground One)(d)(6), (Ground Two)(d)(6), & (Ground Four)(d)(6); but see id., ¶ 12(Ground Three)(d)(6) (listing December 20, 2014).)  The Amended Petition also reports October 20, 2014, as the denial date.  (See Docket Entry 8, ¶ 12(Ground One)(d)(6), (Ground Two)(d)(6), (Ground Three)(d)(6), & (Ground Four)(d)(6).)

[7] The Petition inconsistently (and twice errantly) offers filing dates for that discretionary review petition of November 5, November 25, November 5, November 5, and October 5, 2014, respectively.  (See Docket Entry 1, ¶¶ 11(c), 12(Ground One)(e), (Ground Two)(e), (Ground Three)(e), & (Ground Four)(e).)

[8] Consistent with the above-cited documents, the Petition uniformly lists December 18, 2014, as the date of that denial.  (See Docket Entry 1, ¶¶ 11(c), 12(Ground One)(e), (Ground Two)(e), (Ground Three)(e), & (Ground Four)(e).)

## II.  DISCUSSION

The Petition identifies these four grounds for relief:

1) "Ineffective Assistance of Trial Counsel" (Docket Entry 1, ¶ 12(Ground One));[9]

2) "Ineffective Assistance of Trial Counsel" (id., ¶ 12(Ground Two));

3) "Ineffective Assistance of Appellate Counsel" (id., ¶ 12(Ground Three)); and

4) "Appellate Counsel Was Ineffective on Appeal by Failing to Raise [Certain Arguments]" (id., ¶ 12(Ground Four)).

The Amended Petition, in turn, purports to raise these four grounds for relief:

1) "Ineffective Assistance of Trial Counsel" (Docket Entry 8, ¶ 12(Ground One));

2) "Trial Court erred when it allowed amendment to indictment #11CRS91498" (id., ¶ 12(Ground Two));

3) "The evidence was insufficient to support a conviction for attempted larceny from a merchant" (id., ¶ 12(Ground Three)); and

4) "The State failed to disclose favorable evidence" (id., ¶ 12(Ground Four)).

### A.  Petition, Grounds One and Two:
### Ineffective Assistance (Trial Counsel)

Grounds One and Two of the Petition seek relief based on the alleged ineffectiveness of Petitioner's trial counsel. (See Docket

---

[9] The hand-written portions of the Petition utilize all capital letters (see, e.g., Docket Entry 1, ¶ 12(Ground One)); however, this Memorandum Opinion uses standard capitalization conventions when quoting the Petition.

-5-

Entry 1, ¶ 12(Ground One) & (Ground Two).)  As to Ground One, Petitioner offered these "[s]upporting facts" (which set out three distinct ineffective assistance of trial counsel claims): "[1] [d]efence [sic] counsel told [the] jury that [Petitioner] was guilty of shop-lifting during opening arguements [sic], [2] defence [sic] counsel[] fail[ed] to object to the amending of the indictments, [and 3] defence [sic] counsel[] fail[ed] to have [Petitioner] presented [sic] during trial proceedings."  (Id., ¶ 12(Ground One)(a).)  In virtually identical fashion, Ground Two alleges these "[s]upporting facts" (repeating the same three trial counsel ineffectiveness claims from Ground One): "[1] [d]efence [sic] counsel[] told [the] jury that [Petitioner] was guilty of shop-lifting during opening arguements [sic], [2] defence [sic] counsel[] failed to object to the amending of indictments, [and 3] defence [sic] counsel proceed[ed] with trial proceeding without [Petitioner] being present at court."  (Id., ¶ 12(Ground Two)(a).)

Like Grounds One and Two of the Petition, Petitioner's Supplemental MAR raised claims that his trial counsel provided ineffective assistance (1) by admitting in his opening statement that Petitioner committed shop-lifting and (2) by failing to object to the amendment of the attempted larceny indictment. (See Docket Entry 5-9 at 5, 8-9.)  As noted in Section I, the Superior Court denied those claims, pursuant to N.C. Gen. Stat. § 15A-1419(a)(3), because Petitioner "could have raised [them] in his appeal." (Docket Entry 5-10 at 2.)  As those two claims arose from matters of record at the time of Petitioner's direct appeal, the Superior

Court properly concluded that he could have presented them then and that Section 15A-1419(a)(3) barred their review via MAR.  <u>See</u> <u>Lawrence v. Branker</u>, 517 F.3d 700, 715 (4th Cir. 2008) (recognizing that Section 15A-1419(a)(3) bars collateral claims of ineffective assistance arising from events in the record at the time of direct appeal, including concession of guilt by trial counsel).

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." <u>McCarver v. Lee</u>, 221 F.3d 583, 588 (4th Cir. 2000).  Moreover, the Fourth Circuit "ha[s] consistently held that § 15A-1419(a)(3) is an independent and adequate state ground for purposes of procedural default." <u>Lawrence</u>, 517 F.3d at 714.  Accordingly, Petitioner must show <u>either</u> cause and actual prejudice <u>or</u> a miscarriage of justice, in order to proceed with ineffective assistance claims based on (1) his counsel's opening statement admission that Petitioner committed shop-lifting and (2) his counsel's failure to object to the indictment amendment.  Petitioner's summary judgment response, however, makes no such showing.  (<u>See</u> Docket Entry 7.)

The Petition does allege that Petitioner's appellate counsel provided ineffective assistance by failing to raise on appeal "that trial counsel was ineffective [1] by telling the jury that [Petitioner] was guilty of shop-lifting during opening arguments

-7-

[and] . . . [2] by failing to object to the amending of the indictments . . . ." (Docket Entry 1, ¶ 12(Ground Four)(a).) "In some circumstances, a defendant may establish cause [for procedural default] if he was represented by counsel whose performance was constitutionally ineffective under the standards established in Strickland v. Washington, 466 U.S. 668 (1984)." Fowler v. Joyner, 753 F.3d 446, 460 (4th Cir. 2014) (internal parallel citations omitted). However, as Respondent correctly has observed, "Petitioner did not fairly and squarely raise [those] ineffective assistance of appellate counsel claim[s] in any of his three MARs." (Docket Entry 5 at 11 (citing Docket Entries 5-7, 5-9, and 5-11).)

In other words, any such claim of "ineffective assistance of [Petitioner's] appellate counsel[] was itself procedurally defaulted . . . ." Oken v. Corcoran, 220 F.3d 259, 265 (4th Cir. 2000); see also N.C. Gen. Stat. § 15A-1419(a)(1) (erecting procedural bar where, "[u]pon a previous [MAR], the defendant was in a position to adequately raise the ground or issue underlying the present [MAR] but did not do so"); Boyd v. French, 147 F.3d 319, 332 (4th Cir. 1998) (recognizing that Section 15A-1419(a)(1) represents independent and adequate state procedural rule); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) ("A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." (internal quotation marks omitted)). Petitioner "has also failed

to make any showing of 'cause' and 'prejudice' [or a miscarriage of justice] to excuse this last procedural default," id. (See Docket Entry 7.)[10]  "Thus, the alleged ineffective assistance of [his] appellate counsel cannot serve as 'cause' to excuse [Petitioner's] failure to raise [these two trial ineffectiveness] claim[s] on direct appeal.  Consequently, [the Court should] reject [these two trial ineffectiveness] claim[s] as procedurally defaulted . . . ." Oken, 220 F.3d at 265 (internal citation omitted).

Alternatively, the two, instant ineffective assistance of trial counsel claims fail on the merits for reasons well-explained by Respondent (particularly given the deference accorded counsel under Strickland, see Harrington v. Richter, 562 U.S. 86, 105 (2011) ("Surmounting Strickland's high bar is never an easy task. . . . Even under de novo review, the standard for judging counsel's representation is a most deferential one.")):

> First, Petitioner was asked by [the trial judge] . . . whether he had previously consented to trial counsel's decision to admit that he was guilty of shop-lifting. Petitioner admitted he had given his prior consent. Thus, no professional dereliction or prejudice under Strickland has been shown.  Second, although counsel consented to the prosecutor's correction of a scrivener's

---

[10] Petitioner could not have relied on Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), and Trevino v. Thaler, ___ U.S. ___, 133 S. Ct. 1911 (2013), to overcome his procedural default of his appellate ineffectiveness claim(s) for failure to raise on direct appeal the two instant trial counsel ineffective assistance claims. See Long v. Butler, 809 F.3d 299, 315 (7th Cir. 2015); Dansby v. Hobbs, 766 F.3d 809, 833 (8th Cir. 2014); Reed v. Stephens, 739 F.3d 753, 778 n.16 (5th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 435 (2014); Hodges v. Colson, 727 F.3d 517, 531 (6th Cir. 2013); Banks v. Workman, 692 F.3d 1133, 1147-48 (10th Cir. 2012); Green v. Ballard, Civ. Action No. 3:02-1348, 2015 WL 1612198, at *5, 8, 22 (S.D.W. Va. Apr. 10, 2015) (unpublished); Burns v. Bush, No. 8:13CV3392-BHH-JDA, 2014 WL 8272310, at *17 (D.S.C. Dec. 22, 2014) (unpublished), recommendation adopted, 2015 WL 1298662 (D.S.C. Mar. 23, 2015) (unpublished), appeal dismissed, 622 F. App'x 265 (4th Cir. 2015); but see Nguyen v. Curry, 736 F.3d 1287, 1296 (9th Cir. 2013).

error on the indictment, i.e., changing the heading from larceny of anti-inventory device to [attempted] larceny of a merchant, there could be no possible ineffectiveness here. If trial counsel had objected to the indictment, even in the unlikely event the objection was sustained, the prosecutor would simply have obtained a superceding indictment under N.C.G.S. § 15A-646 (2011), and proceeded with the trial. The only possible result would have been delay. There is no professional dereliction or reasonable probability of a different result under <u>Strickland</u>.

(Docket Entry 5 at 5 (internal parenthetical citations omitted) (citing Docket Entry 5-18 at 5-6, 47-48).)

As to Petitioner's remaining trial counsel ineffectiveness claim, i.e., for allowing part of the trial to occur without Petitioner present (<u>see</u> Docket Entry 1, ¶ 12(Ground One)(a) & (Ground Two)(a)), the record establishes that Petitioner did not raise any such claim on direct appeal or via his MARs (<u>see</u> Docket Entries 5-5, 5-7, 5-9, 5-11). A procedural bar therefore applies. <u>See</u> N.C. Gen. Stat. § 15A-1419(a)(1) (procedurally barring claim if, "[u]pon a previous [MAR], the defendant was in a position to adequately raise the ground or issue underlying the present [MAR] but did not do so") & (3) (imposing procedural bar when, "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present [MAR] but did not do so"); <u>Lawrence</u>, 517 F.3d at 714 (noting that Fourth Circuit "ha[s] consistently held that § 15A-1419(a)(3) is an independent and adequate state ground for purposes of procedural default"); <u>Boyd</u>, 147 F.3d at 332 (treating Section 15A-1419(a)(1) as independent and adequate state procedural rule); <u>Breard</u>, 134 F.3d at 619 ("A procedural default also occurs when a habeas petitioner fails to

exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." (internal quotation marks omitted)).

Under these circumstances, Petitioner must show <u>either</u> cause and actual prejudice <u>or</u> a miscarriage of justice, to advance a federal habeas claim that his counsel provided ineffective assistance by failing to object to his absence from some part of his trial. See <u>McCarver</u>, 221 F.3d at 588. Petitioner did not make a showing of that sort in his summary judgment response. (See Docket Entry 7.) Further, although the Petition asserts that Petitioner's appellate counsel acted ineffectively by omitting an argument on appeal "that trial counsel was ineffective . . . by proceeding with trial proceedings without [Petitioner] being presented [sic] at trial during the proceedings" (Docket Entry 1, ¶ 12(Ground Four)(a)), Petitioner procedurally defaulted that appellate ineffectiveness claim by failing to raise it in any of his MARs (<u>see</u> Docket Entries 5-7, 5-9, 5-11). See <u>Oken</u>, 220 F.3d at 265; <u>see also</u> N.C. Gen. Stat. § 15A-1419(a)(1); <u>Boyd</u>, 147 F.3d at 332; <u>Breard</u>, 134 F.3d at 619. Finally, Petitioner has not shown cause and actual prejudice or a miscarriage of justice to excuse that procedural default. (See Docket Entry 7.)[11]

---

[11] The rulings in <u>Martinez v. Ryan</u>, ___ U.S. ___, 132 S. Ct. 1309 (2012), and <u>Trevino v. Thaler</u>, ___ U.S. ___, 133 S. Ct. 1911 (2013), do not allow Petitioner to save that defaulted claim. See <u>Long v. Butler</u>, 809 F.3d 299, 315 (7th Cir. 2015); <u>Dansby v. Hobbs</u>, 766 F.3d 809, 833 (8th Cir. 2014); <u>Reed v. Stephens</u>, 739 F.3d 753, 778 n.16 (5th Cir.), <u>cert. denied</u>, ___ U.S. ___, 135 S. Ct. 435 (2014); <u>Hodges v. Colson</u>, 727 F.3d 517, 531 (6th Cir. 2013); <u>Banks v.</u>
(continued...)

In the alternative, Petitioner neither cited any place in the record that would reveal his absence from the trial nor otherwise offered evidence of what part of the trial he missed; moreover, he has not demonstrated how any such absence could have altered the outcome of the case. (See Docket Entry 1, ¶ 12(Ground One) & (Ground Two); Docket Entry 7.) Put another way, as to this claim, Petitioner "has provided only conclusory allegations which meet neither the error nor the prejudice prong of the *Strickland* analysis." Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009); see also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance claim - or, for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255, 266 n.4 (4th Cir. 1999); Gleason v. Warden, Winn Corr. Ctr., No. 07CV1408, 2010 WL 2777272, at *6 (W.D. La. May 10, 2010) (unpublished) ("It is not the court's obligation on a habeas petition to comb the record in

_____

[11](...continued)
Workman, 692 F.3d 1133, 1147-48 (10th Cir. 2012); Green v. Ballard, Civ. Action No. 3:02-1348, 2015 WL 1612198, at *5, 8, 22  (S.D.W. Va. Apr. 10, 2015) (unpublished); Burns v. Bush, No. 8:13CV3392-BHH-JDA, 2014 WL 8272310, at *17 (D.S.C. Dec. 22, 2014) (unpublished), recommendation adopted, 2015 WL 1298662 (D.S.C. Mar. 23, 2015) (unpublished), appeal dismissed, 622 F. App'x 265 (4th Cir. 2015); but see Nguyen v. Curry, 736 F.3d 1287, 1296 (9th Cir. 2013).

search of evidence to support a conclusory claim."), <u>recommendation adopted</u>, 2010 WL 2777267 (W.D. La. July 13, 2010) (unpublished).[12]

Simply put, Grounds One and Two of the Petition fail as a matter of law.

**B.  Petition, Grounds Three and Four:
Ineffective Assistance (Appellate Counsel)**

Grounds Three and Four of the Petition allege ineffectiveness by appellate counsel. (<u>See</u> Docket Entry 1, ¶ 12(Ground Three) & (Ground Four).) Specifically, Ground Three relies on these "[s]upporting facts": "Appellate counsel failed to raise that trial counsel was ineffective by telling the jury that [Petitioner] was guilty of shop-lifting during opening arguements [sic], violating [his] rights to recieve [sic] a fair trial." (<u>Id.</u>, ¶ 12(Ground Three)(a).) In turn, Ground Four identifies the following "[s]upporting facts": "[T]rial counsel was ineffective by telling the jury that [Petitioner] was guilty of shop-lifting during opening arguments, trial counsel was ineffective by failing to object to the amending of the indictments and proceeding with trial proceedings without [Petitioner] being presented [sic] at trial during the proceedings." (<u>Id.</u>, ¶ 12(Ground Four)(a).)

As documented in Subsection II.A.: (1) Petitioner did not present these appellate ineffectiveness claims in any of his MARs, such that he has procedurally defaulted such claims under state and

---

[12] In moving for summary judgment, Respondent identified one brief occasion during which, prior to Petitioner's arrival in the courtroom following a recess, the trial judge asked the court clerk to hand out a draft of the jury instructions. (<u>See</u> Docket Entry 5 at 5 (citing Docket Entry 5-18 at 75-76).) Petitioner's summary judgment response does not identify any prejudice he incurred as a result of that interaction in his absence. (<u>See</u> Docket Entry 7.)

-13-

federal law; (2) Petitioner has failed to show either cause and actual prejudice or a miscarriage of justice, as required to overcome that procedural bar; and (3) alternatively, the underlying trial ineffective assistance claims lack merit, such that any related appellate ineffective assistance claims also lack merit, see Carter v. Lee, No. 99-10, 202 F.3d 257 (table), 1999 WL 1267353, at *11 (4th Cir. Dec. 29, 1999) (unpublished) ("Appellate counsel [is] not ineffective for failing to raise [an issue] on appeal [that] is plainly without merit."). Accordingly, the Court should deny relief on Grounds Three and Four of the Petition.

## C. Amended Petition

A habeas petition "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under said rules, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1). Because (as shown in Section I) Petitioner submitted his Amended Petition (Docket Entry 8) outside such periods, it can proceed "only with [Respondent's] written consent or the [C]ourt's leave," Fed. R. Civ. P. 15(a)(2). Respondent has not so consented. (See Docket Entries dated Dec. 14, 2015, to present.) As for leave of the Court, permission "to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Here, futility due to the Amended Petition's lack of merit, untimeliness, and redundancy warrants

-14-

denial of leave to amend. See, e.g., Juniper v. Zook, ___ F. Supp. 3d ___, ___, 2015 WL 4620102, at *22 (E.D. Va. 2015) ("The trial-ineffectiveness claim's lack of merit shows that leave to amend the § 2254 petition to add [that] claim would be futile."); Lowery v. United States, Nos. 3:09CV260RJC, 3:05CR216RJC, 2012 WL 2395192, at *3 (W.D.N.C. June 25, 2012) (unpublished) ("A cause of action barred by the applicable statute of limitations is futile; therefore, an untimely amendment can be denied on that basis." (citing Pittman, 209 F.3d at 317)), appeal dismissed, No. 12-7114, 2012 WL 5992225 (4th Cir. Dec. 3, 2012) (unpublished); Washington v. Trotman, No. 5:11CV3058-F, 2011 WL 5101704, at *2 (E.D.N.C. Oct. 26, 2011) (unpublished) ("Because plaintiff's proposed amendment is . . . redundant to his original complaint . . ., the proposed amendments are futile and leave to amend is due to be denied.").

As to redundancy, with one exception, Ground One of the Amended Petition simply repeats the three ineffective assistance of trial counsel claims that appear in Grounds One and Two of the Petition (and that, for reasons described in Subsection II.A., fall subject to a procedural bar or, alternatively, lack merit). (Compare Docket Entry 1, ¶ 12 (Ground One(a) & (Ground Two)(a), with Docket Entry 8, ¶ 12 (Ground One)(a); see also Docket Entry 9 at 1-6 (discussing Ground One of the Amended Petition).)[13] Those parts of Ground One of the Amended Petition thus qualify as futile because of their redundancy. See Washington, 2011 WL 5101704, at *2.

---

[13] In reiterating those claims, the Amended Petition and related brief do not present facts sufficient to overcome the procedural bar or to make the claims legally viable. (See Docket Entry 8, ¶ 12 (Ground One); Docket Entry 9 at 1-6.)

In regards to untimeliness, a one-year statute of limitations applies to federal habeas claims. 28 U.S.C. § 2244(d)(1). It

> run[s] from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Pursuant to Subparagraph (A),[14] Petitioner's conviction(s) became final on or about February 5, 2014 (i.e., 90 days after the North Carolina Supreme Court denied review on direct appeal on

_____

[14] The form Petitioner used to submit his Amended Petition directed him to address any potential untimeliness issues under Section 2244(d)(1). (See Docket Entry 8, ¶ 18.) In responding to that directive, Petitioner did not contend that Subparagraphs (B), (C), or (D) rendered the claims in the Amended Petition timely; to the contrary, he simply stated: "Petitioner has a Petition for Writ of Habeas Corpus on file in this Court No. 1:15CV253. This is an amended Habeas Corpus with attached Memorandum of Law." (Id.) Nor does the record support a finding that Subparagraphs (B), (C), or (D) would entitle Petitioner to any delayed accrual of the federal limitations period in connection with the claims in the Amended Petition. First, as documented in Section I, Petitioner made numerous filings in state and federal court between the completion of his direct appeal and his filing of the Amended Petition, such that Subparagraph (B) lacks any application here. Second, Subparagraph (C) does not attach to the Amended Petition, because no claims therein concern a federal constitutional right newly recognized by the United States Supreme Court. (See Docket Entry 8, ¶ 12(Ground One), (Ground Two), (Ground Three), & (Ground Four); Docket Entry 9.) Third, the factual predicates for all of the claims in the Amended Petition occurred or otherwise became evident during Petitioner's trial (i.e., before, not after, his conviction) (see id.) and thus Subparagraph (D) does not benefit Petitioner.

-16-

November 7, 2013, <u>Christian</u>, 367 N.C. at 263, 749 S.E.2d at 852). See <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires" (internal citations omitted)); <u>see also</u> Sup. Ct. R. 13.1 (allowing 90 days to seek certiorari after ruling by highest state court). The federal habeas limitations period then ran until at least April 1, 2014, when (as documented in Section I) Petitioner signed his first MAR, at which time 311 days of that one-year period remained. The filing of that MAR tolled the deadline for federal habeas claims for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)," <u>Taylor v. Lee</u>, 186 F.3d 557, 561 (4th Cir. 1999) (construing 28 U.S.C. § 2244(d)(2)). Petitioner's federal limitations period thus began to run again no later than October 20, 2014, when (as documented in Section I) the North Carolina Court of Appeals denied his certiorari petition.[15]

_____

[15] In fact, the federal limitations period likely resumed running on or about July 11, 2014, when (as documented in Section I) 30 days passed following the Superior Court's denial of Petitioner's third MAR without him filing a certiorari petition in the North Carolina Court of Appeals. <u>See generally</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that petitioners must make state collateral filings according to applicable state laws and rules to satisfy "properly filed" requirement for tolling federal habeas statute of limitations); <u>Royster v. Perry</u>, No. 1:15CV342, 2016 WL375076, at *2-3 (M.D.N.C. Jan. 29, 2016) (unpublished) (discussing interaction between Section 2244(d)(2) and N.C.R. App. P. 21(e)). Furthermore, no tolling resulted from Petitioner's effort to obtain review by the North Carolina Supreme Court after the North Carolina Court of (continued...)

The remaining 311 days of that period passed as of August 27, 2015.[16]  As documented in Section I, Petitioner submitted his Amended Petition no earlier than December 7, 2015.  The Amended Petition thus qualifies as timely only to the extent that its contents "relate back" to his Petition (which he timely filed);[17] however, under the circumstances presented, the relation-back doctrine only saves "a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading," Fed. R. Civ. P. 15(c)(1)(B); see also Fed. R. Civ. P. 15(c)(1)(A) & (C) (allowing relation-back where statutory authority so dictates and where amendment simply involves non-prejudicial change of party to correct mistaken

[15](...continued)
Appeals denied certiorari (which effort (as documented in Section I) the North Carolina Supreme Court rejected on December 18, 2014, as memorialized via written order dated December 22, 2014).  See Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *2 (M.D.N.C. Sept. 9, 2011) (unpublished) (citing cases), recommendation adopted, slip op. (M.D.N.C. Nov. 4, 2011); see also N.C. Gen. Stat. §§ 7A-28(a) ("Decisions of the Court of Appeals upon review of [MARs alleging federal constitutional violations] are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise."), 15A-1422(f) (same); N.C.R. App. P. 21(e) (providing that certiorari petitions seeking review of MARs in non-capital cases "shall be filed with the Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases").  Nor, unlike in the direct appeal context, could Petitioner seek to exclude from the limitations calculations the 90 days after the conclusion of the state collateral proceedings, during which he theoretically could have sought certiorari review by the United States Supreme Court.  See Crawley v. Catoe, 257 F.3d 395, 397–401 (4th Cir. 2001).

[16] Even with tolling for the additional 63 days between the denial of certiorari by the North Carolina Court of Appeals on October 20, 2014, and the written order from the North Carolina Supreme Court Clerk on December 22, 2014, the federal limitations period would have lapsed on October 29, 2015.

[17] Petitioner did not advance any basis by which the doctrine of equitable tolling might save the claims in the Amended Petition, despite the notice on the form he used to submit the Amended Petition that, "[i]f [his] judgment of conviction became final over one year ago, [he] must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his Amended P]etition" (Docket Entry 8, ¶ 18).  (See id.)

identity, respectively).  In the context of a habeas petition, "conduct, transaction, or occurrence" does not mean a petitioner's entire trial or sentencing.  Mayle v. Felix, 545 U.S. 644, 664 (2005).  Instead, only claims linked as to "'time and type'" with timely claims "relate back." Pittman, 209 F.3d at 318 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)).

Grounds Three and Four of the Amended Petition (which advance claims that the State (A) presented insufficient evidence to support Petitioner's attempted larceny conviction and (B) failed to test or to introduce at trial certain evidence) involve entirely different events than the ones underlying the Petition's claims (which allege ineffective assistance of counsel in relation to (C) an admission in the defense opening statement, (D) the amendment of the attempted larceny indictment, and (E) Petitioner's absence from part of the trial).  (Compare Docket Entry 8, ¶ 12(Ground Three)(a) & (Ground Four)(a), and Docket Entry 9 at 7-9, with Docket Entry 1, ¶ 12(Ground One)(a), (Ground Two)(a), (Ground Three)(a), & (Ground Four)(a)).  This lack of a linkage as to "time and type" from the claims in the Petition renders Grounds Three and Four of the Amended Petition untimely (and therefore futile).

Similarly, although the Petition raises ineffective assistance claims and the lone, new aspect of Ground One of the Amended Petition also asserts a claim for ineffective assistance (i.e., that trial counsel "failed to make [a] motion to dismiss for insufficient evidence on behalf of [Petitioner] at the close of [the] State's case and at the close of all evidence" (Docket Entry

-19-

8, ¶ 12(Ground One)(a))), "it is not sufficient that the new claim simply has the same form as the original claims . . . . Thus, 'a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.'" Ingram v. Buckingham Corr. Ctr., No. 3:09CV831, 2011 WL 836826, at *7 (E.D. Va. Mar. 4, 2011) (unpublished) (quoting United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)), appeal dismissed, 468 F. App'x 236 (4th Cir. 2012); accord United States v. Gonzalez, 592 F.3d 675, 679-80 (5th Cir. 2009); Lowery, 2012 WL 2395192, at *4. The Court therefore should deem untimely (and futile) the non-redundant part of Ground One of the Amended Petition, because it attacks a materially different form of ineffective assistance than does the Petition.

Finally, Ground Two of the Amended Petition alleges that the Superior Court violated the Grand Jury Clause of the Fifth Amendment of the United States Constitution by altering the heading of the attempted larceny indictment to match its body. (See Docket Entry 8, ¶ 12(Ground Two)(a); Docket Entry 9 at 6-7.) Assuming for present purposes that such a claim relates back to the ineffective assistance claim in Grounds One and Two of the Petition (which addressed the failure of Petitioner's trial counsel to object to that indictment amendment (see Docket Entry 1, ¶ 12(Ground One)(a) & (Ground Two)(a))), Ground Two of the Amended Petition nonetheless fails as a matter of law, because "the Fifth Amendment requirement

of indictment by grand jury does not apply to the states," <u>Hartman v. Lee</u>, 283 F.3d 190, 195 n.4 (4th Cir. 2002).

In sum, the futility of the Amended Petition, arising from its redundancy, untimeliness, and want of merit, requires its rejection.

### III.  CONCLUSION

Petitioner has not established entitlement to habeas relief.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be granted, that the Petition (Docket Entry 1) be denied, that the Amended Petition (Docket Entry 8) be dismissed (as untimely) in part and denied (as redundant and meritless) in part, and that judgment be entered against Petitioner in this action without issuance of a certificate of appealability.

/s/ L. Patrick Auld<br>
<b>L. Patrick Auld</b><br>
<b>United States Magistrate Judge</b>

February 8, 2016